NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Richard OWENS,

        Plaintiff,

   v.

Edmond C. CICCHI, et al.,

        Defendants.

Civ. No. 09-4503

MEMORANDUM OPINION

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendants' motion for summary judgment. (Docket No. 66).  THE COURT FINDS AS FOLLOWS:

1.  Plaintiff filed his initial Complaint in this matter on September 2, 2009, alleging that while incarcerated at the Middlesex County Correctional Center the custody staff's behavior constituted a violation of his rights under "Title II of the 'ADA' of 1990, 42 U.S.C. 12131(2)" for excessive force, cruel and unusual punishment, deliberated indifference, sadistic and malicious discrimination, and intentional discrimination.  (Docket No. 1).

2.  Plaintiff's Complaint was dismissed for failure to prosecute on April 21, 2011. (Docket No. 29).  Plaintiff filed a motion to re-open the case on December 5, 2012.  (Docket No. 38).  An Order was entered to re-open the case on September 25, 2013.  (Docket No. 58).

3.  On January 28, 2014, Plaintiff sent a letter to the Court stating the following:

I need help with my legal paperwork and I cant [sic] focus because I am stressed out and worry that I will be attacked and I cant [sic] fall asleep no matter how hard I try.  I came off my psych. Med. Zyprexa couple months ago [sic] because I believe the medical department is trying to give me diabetes and I was having side

affects [sic] that were leading to diabetes.  Luckly [sic] I figured out what they were doing.  Or I need more time so I can find someone at the prison to help me.  Please let me know ASAP how much time I have to get this legal work done.  Thank you for your time.

On February 4, 2014, another prisoner, at Plaintiff's request, prepared a letter discussing

Plaintiff's mental health history.  The letter stated the following:

> Your honor may be aware that the Plaintiff has an "extensive" psychiatric history with numerous hospitalizations.  To date, the Plaintiffs' [sic] mental health problems are turbulent and/or intermittent and he is required to take psychiatric medications.  However, medication alone does not "guarantee" mental competence.  With that being said, the Plaintiff's competency is a paramount issues [sic], as it pertains to the Defendant's Motion for Summary Judgment and/or the matter at bar.

The February 4, 2014 letter also included exhibits listing Plaintiff's medications and

medical problems as documented by the South Woods State Prison Medical Staff.

4.  In *Powell v. Symons,* 680 F.3d 301 (3d Cir.2012) the Third Circuit held that, under

Fed.R.Civ.P. 17(c)(2), the district court has a *sua sponte* duty to inquire into the competency of

an unrepresented party under certain limited circumstances.  The court held that *sua sponte*

review of competency is discretionary, but that it would be an abuse of discretion to grant

summary judgment in a matter without first engaging in such review when the district court is

presented with "verifiable evidence of incompetence." *Id.* at 307.

5. The *Powell* court articulated two forms of verifiable evidence of incompetence that

trigger the district court's duty to inquire: evidence of a court or public agency's adjudication of

incompetence, or evidence from a mental health professional demonstrating that the party is

being or has been treated for mental illness "of the type that would render him or her legally

incompetent." *Id.*

6.  In this case, there is evidence demonstrating that Plaintiff is currently on prescription

medication to treat a mental illness that interferes with his ability to distinguish reality from

hallucination.  While the Court does not here conclude that Plaintiff's mental illnesses are "of the type that would render him or her legally incompetent," the Court recognizes that they might. *Powell,* 680 F.3d at 302.  Accordingly, under *Powell,* the Court cannot proceed to Defendants' motion for summary judgment without first either appointing counsel or determining that Plaintiff is competent.  *Id.*

7. Therefore, the Court will deny Defendants' motion for summary judgment without prejudice to re-filing the motion after Plaintiff's counsel is appointed and the issue of Plaintiff's competency has been addressed.

8.  Within two weeks of entering an appearance, Plaintiff's appointed counsel shall file with the Court a letter addressing whether the Court should conduct an evidentiary hearing regarding Plaintiff's competency and whether the Court should also appoint Plaintiff a guardian *ad litem.*

/s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

Date: February 18, 2014