NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Richard OWENS, | |
| Plaintiff, | Civ. No. 09-4503 |
| v. | OPINION |
| Edmond CICCHI, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Defendant CFG Health Systems, LLC's (hereinafter, "CFG's") motion for summary judgment, (Doc. No. 80), and Defendant Edmond Cicchi's (hereinafter, "Cicchi's") motion for summary judgment, (Doc. No. 81). Plaintiff Richard Owens, proceeding *pro se*, opposes each motion. (Doc. No. 84; Doc. No. 86). The Court issues the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, each defendant's motion will be granted and judgment will be entered in each defendant's favor.

BACKGROUND

The issue before the Court centers on Plaintiff's treatment while he was a pretrial detainee at the Middlesex Adult Correction Center ("MACC").[1] Defendant Cicchi was the warden at MACC, and Defendant CFG provided medical service and employed medical staff

---

[1] The record is unclear as to whether Plaintiff was a pretrial detainee or a prisoner. Plaintiff claims that he was "incarcerated" but also states that the charges were "allegations" at the time. (Doc. No. 1). Defendants have failed to discuss Plaintiff's status but have treated him as a "pretrial detainee" in their briefing. (Doc. No. 66 at 22). Therefore, for the purposes of this motion, the Court will consider Plaintiff as a pretrial detainee. *See Montgomery v. Ray*, 145 F. App'x 738, 740 (3d Cir. 2005) ("due process rights of a [pre-trial detainee] are *at least* as great as the . . . protections available to a convicted prisoner").

1

there. (Doc. No. 1). Plaintiff claims that, on August 7, 2009, his parole officer gave Plaintiff's cane and back brace to the MACC staff members and informed the staff members that Plaintiff was physically disabled. (Doc. No. 66, Defendant's Statement of Material Facts, at 2).[2] Between August 7, 2009 and August 11, 2009, Plaintiff was treated by Dr. Talbot, an employee of CFG, for a skin issue. (*Id*.). Plaintiff claims that he advised Talbot of his chronic back pain, bulging disks, and sciatica and requested a back brace and cane. (*Id*. at 9). Talbot declined to give him the back brace and cane. (*Id*. at 2). On August 11, 2009, Plaintiff was sent to general population. (*Id*.).

Plaintiff's cell in general population housed two other individuals. (*Id*. at 3). Plaintiff states that he intentionally committed a violation of the facility's protocol so that he could be sent to a single-occupant detention cell instead. (*Id*.). After he committed the violation, Plaintiff was handcuffed and brought up to a single-occupant cell on the third floor. (*Id*.). This walk up the stairs caused Plaintiff extreme pain due to his back issues. (*Id*.). Once on the third floor, Plaintiff requested medical attention and was allegedly denied assistance. (*Id*.). Plaintiff claims that he then passed out while urinating and suffered a concussion. (*Id*.).

After Plaintiff fell, MACC staff members carried Plaintiff down the stairs. Plaintiff alleges that his back was repeatedly slammed against the iron stairs during transportation. (Doc. No. 66, Defendant's Statement of Material Facts, at 3). Plaintiff was then placed on a stretcher and observed by a nurse in the MACC observation room. (*Id*.). Plaintiff claims that he was not taken to see a doctor or to a local hospital that day. (*Id*.).

---

[2] The Court will primarily cite to Defendant CFG's Statement of Facts because Plaintiff explicitly adopted "the Procedural History and Statement of Fact set forth in Defendant's [CFG's] Motion for Summary Judgment" and provided few facts of his own. (Doc. No. 84 at 1).

2

During his time in observation, Plaintiff suffered from pain and discomfort, stemming from his physical injuries and apparent incontinence.  (Doc. No. 1 at 7).  Plaintiff refused to eat from August 13, 2009 to August 18, 2009.  (Doc. No. 66, Defendant's Statement of Material Facts, at 2, 3).  Plaintiff claims that Dr. Talbot knew of Plaintiff's pain and discomfort but failed to request all of Plaintiff's records.  (*Id*. at 4).  On August 20, 2009, Plaintiff "forced himself" up to drink and walk around.  On August 23, 2009 Plaintiff was moved to the medical unit.  (*Id*. at 3).

On September 2, 2009, Plaintiff filed a handwritten complaint.  (Doc. No. 1; Doc. No. 58).  Plaintiff's Complaint "asserts allegations in violation of the Title II of ADA of 1990" for the following: (1) excessive force; (2) cruel and unusual punishment; (3) deliberate indifference; (4) sadistic and malicious discrimination; and (5) intentional discrimination.  Plaintiff also raises a claim under 42 U.S.C. § 1985.[3]  (Doc. No. 84 at 12).

## DISCUSSION

**1. Legal Standard**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  A fact is "material" if it will "affect the outcome of the suit under the governing law [. . .]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.*  When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving

---

[3] Even though it appears that Plaintiff did not clearly raise this claim in the Complaint, Defendant CFG addresses this claim on the merits and does not claim that this count should not be considered by the Court.  Since *pro se* pleadings must be liberally construed, the Court will consider this claim.  *See Higgs v. Atty. Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011)

party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir. 1983).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed.R.Civ.P. 56(e)).  The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment.  *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted) ("[S]peculation and conjecture may not defeat summary judgment.").

   2.  **Analysis**

Plaintiff claims that Defendants' treatment of "Plaintiff as a non-disabled person 'unequivocally' resulted in a 'deprivation' of his civil rights, [which] metamorphosed into discrimination, deliberate indifference, cruel and unusual punishment and excessive force by the Defendant(s)."  Doc. No. 84 at 2.  The Court will examine each claim as it relates to 42 U.S.C. §1983, the ADA, and 42 U.S.C. §1985.

   a.  *42 U.S.C. §1983*

Plaintiff's Complaint appears to allege two violations possibly cognizable under 42 U.S.C. §1983: excessive force and cruel and unusual punishment.

i. Excessive Force

Plaintiff asserts an excessive force claim against Defendant Cicchi.  To establish a claim for excessive force in violation of the Due Process Clause, a pretrial detainee must show "that the force used was applied 'maliciously and sadistically to cause harm' and not 'in a good-faith effort to maintain or restore discipline.'"  *Baez v. Lancaster Cnty.*, 2011 WL 4948891, at *9 (E.D. Pa. Oct. 18, 2011); *Fuentes v. Wagner,* 206 F.3d 335, 347 (3d Cir. 2000).  In making this inquiry, courts consider five factors: "(1) the need for the application of the force;" (2) "the relationship between the need and the amount of force that was used;" (3) "the extent of the injury inflicted;" (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them;" and (5) "any efforts made to temper the severity of a forceful response."  *Whitley v. Albers,* 475 U.S. 312, 321 (1986).

Here, Plaintiff's excessive force claim against Defendant Cicchi appears to refer to two separate incidents.  First, Plaintiff alleges that he was handcuffed and forced to walk up stairs by "custody staff" even though Plaintiff had severe injuries that made walking up stairs very painful.[4]  Second, Plaintiff states that he was later dragged down the stairs by "custody staff" after he passed out and suffered injuries when his body slammed against the iron stairs.

The record demonstrates that Plaintiff has failed to put forward sufficient evidence upon which a reasonable jury could rely in finding in his favor regarding either incident.  First, Plaintiff makes no showing that Defendant Cicchi directed, knew about, or was personally involved in either action.  *See Iqbal*, 556 U.S. at 676 (requiring an "official's own actions" violate the Constitution).  Furthermore, Plaintiff fails to cite to any part of the record which

---

[4] Plaintiff admits that he has made "no claim of excessive force against Defendant CFG."  (Doc. No. 66, Defendant's Statement of Material Facts at 11).

5

would support an inference that prison officials brought him up the stairs for any reason other than maintaining order or down the stairs for any purpose other than providing medical treatment. Finally, Plaintiff's briefs are vague and fail meet the burden imposed on a non-movant under Federal Rule of Civil Procedure 56 to cite specific issues of material fact. *Orsatte*, 71 F.3d at 484 (non-movant must point to concrete evidence in the record). For the reasons set forth above, summary judgment will be granted in each defendant's favor.

ii. "Cruel and Unusual Punishment" and "Deliberate Indifference"

Plaintiff alleges cruel and unusual punishment as well as deliberate indifference in the provision of medical care. The right of a pretrial detainee to adequate medical care is protected by the Due Process Clause, not the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-45 (1983);[5] *Montgomery v. Ray*, 145 F. App'x 738, 739 (3d Cir. 2005) ("inadequate medical treatment of a federal pretrial detainee is analyzed pursuant to the Due Process Clause"). The proper standard for examining claims of inadequate medical treatment is to determine "whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of guilt." *Montgomery*, 145 F. App'x at 740 (citations omitted and parenthetical in original); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("detainee may not be punished prior to an adjudication of guilt"). In examining the conditions of confinement, "the court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538. "Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an

---

[5] "[T]he due process rights of a [pre-trial detainee] are *at least* as great as the Eighth Amendment protections available to a convicted prisoner." *Montgomery*, 145 F. App'x at 740. Therefore, the Court's construction of Plaintiff's "cruel and unusual" and "deliberate indifference" claims as Due Process claims do not prejudice Plaintiff.

alternative purpose . . . and whether it appears excessive in relation to [that] purpose." *Id*. "Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*.

Here, Plaintiff claims, *inter alia*, that Defendant CFG could have "easily ceased" his medical problems sooner, should not have released him into general population, should not have placed him in a cell with two other detainees, and acted with "deliberate indifference" by not requesting all of his medical records. (Doc. No. 66, Defendant's Statement of Material Facts, at 11). However, Plaintiff does not allege or show that any action or mistake was done for the purpose of punishing him. Plaintiff also does not allege or show that any of these actions lacked a legitimate purpose, such as conserving cell space and making professional judgments in the medical care of a detainee, nor does he allege or show that any harm was excessive in relation to any legitimate purpose. Finally, Plaintiff also fails to provide any relevant citation to the record in support of this argument. *See Orsatte*, 71 F.3d at 484 (non-movant must point to concrete evidence in the record). For the reasons set forth above, summary judgment will be granted in each defendant's favor.

    *b. Discrimination Under Title II of the ADA*

To succeed on a discrimination claim under Title II of the ADA, Plaintiff must establish that: "(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Muhammad v. Dep't of Corr.*, 645 F. Supp. 2d 299, 313 (D.N.J. 2008).

For the purposes of this Opinion, the Court will only address the third and fourth criteria. Here, Plaintiff states that Defendants provided inadequate medical attention by denying his

requests for certain accommodations, such as a single-occupant cell, a cane, and written restrictions. (Doc. No. 84, 8-11). Plaintiff also claims that Defendants should have provided him with unrequested accommodations, such as elevator use. (*Id*. at 10).

Here, Plaintiff has not sufficiently shown or alleged that any alleged errors caused him to be excluded from the benefits of any specific service, program, or activity recognized under the statute. *See Douris v. Bucks County Office of District Attorney*, 2004 WL 1529169 at *8 (E.D.Pa. July 6, 2004) (ADA does not compel defendants to provide accommodation of his choosing; instead, plaintiff most show exclusion from a specific program or benefit). Plaintiff also does not show that any of the alleged failures prevented him from accessing any benefits or programs *because* of his disability. *See Thomas v. Penn. Dept. of Corr.*, 615 F. Supp. 2d 411, 426 (W.D. Pa. 2009) (finding that plaintiff failed to state a claim under ADA because the exclusion from benefits did not occur due to plaintiff's disability). Finally, Plaintiff does not meet his burden as a non-movant to provide citations to the record which would support a finding that he was precluded from participating in any service or that he was discriminated against due to his disability. *Orsatte*, 71 F.3d at 484.

Plaintiff also fails to show that Defendant Cicchi directed or was personally involved in any relevant incident. *See Iqbal*, 556 U.S. at 676 ("official's own actions" must violate the Constitution).

For the reasons set forth above, Plaintiff has failed to show discrimination under Title II of the ADA as to any defendant, and judgment will be entered in favor of each defendant.

    *c.   Conspiracy under 42 U.S.C. § 1985(3)*

42 U.S.C. § 1985 provides a cause of action for individuals deprived of their federal rights by conspiracies. *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980). The

elements of a § 1985(3) claim are the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted).

Here, Plaintiff appears to claim that certain individuals violated 42 U.S.C. § 1985 by conspiring to treat Plaintiff as a "non-disabled" person in order to "derail" his lawsuit against MACC's "sister-brother" facility, Somerset County Jail. (Doc. No. 84 at 13). Plaintiff does not state that any defendant engaged in these actions for the purpose of depriving him of equal protection or equal privileges and immunities. *See Drake v. Muniak*, 2014 WL 1665045, at *7 (D.N.J. Apr. 24, 2014) ("With respect to [purpose], a claimant must allege some racial *or perhaps otherwise class-based,* invidiously discriminatory animus behind the conspirators' action in order to state a claim."). Plaintiff also fails to show that any parties entered into an actual agreement to violate his rights. *See Bobo v. Wildwood Pub. Sch. Bd. of Educ.*, 2014 WL 2215935 (D.N.J. May 28, 2014) (42 U.S.C. § 1985(3) claims are "predicated on the existence of a conspiracy"); *Suber v. Guinta*, 902 F. Supp. 2d 591, 609 (E.D. Pa. 2012) (plaintiffs must allege actions that support a reasonable inference of an agreement). Finally, Plaintiff fails to state with the required specificity which individual defendants were part of the alleged agreement or what steps any defendant took in furtherance of the agreement. *See* Fed.R.Civ.P. 56. Therefore, summary judgment will be granted in favor of each defendant.

## CONCLUSION

For the reasons set forth above, both motions for summary judgment will granted.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.